UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CHARLES KENYATTA, et al.,<br><br>Defendants. | 16cr00273 (DLC)<br><br>MEMORANDUM OPINION & ORDER |

Appearances:

For the Government:
Max Nicholas
Sidhardha Kamaraju
Jane Kim
Assistant United States Attorneys
United States Attorney's Office
One St. Andrew's Plaza
New York, NY 10007

For Defendant Charles Kenyatta:
Camille Marie Abate
Abate & Preuss
19 Fulton Street, Suite 408
New York, NY 10038

For Defendant Charles Kenyatta:
Anthony Cecutti
Law Office of Anthony Cecutti
217 Broadway, Suite 707
New York, NY 10007

DENISE COTE, District Judge:

Defendant Charles Kenyatta and fifteen co-defendants are charged with conspiring to distribute narcotics. Kenyatta has moved to suppress all his statements recorded pursuant to four

Title III wiretaps and for additional discovery. For the following reasons, the motion is denied.

**BACKGROUND**

Four Title III wiretap orders pertaining to Kenyatta were issued between December 9, 2015 and March 28, 2016 by four different district judges of this court. The first order authorized the interception of communications over two cellphones believed to be used by Efrain Sanchez and Tyrone Schultz. The order did not name Kenyatta as a target subject. Kenyatta was among those whose conversations were intercepted pursuant to the December 9 order. The second, third, and fourth orders authorized interception of communications over a phone used by Kenyatta. Kenyatta was named as a target subject in each of those applications and his communications were intercepted pursuant to each wiretap.

The affiant for each of the affidavits supporting the Government's applications for the wiretaps was Special Agent Christopher Serotta of the Federal Bureau of Investigation. In his first affidavit Special Agent Serotta listed eighteen different individuals he had reason to believe were involved in the distribution of controlled substances and the use of firearms in relation to that activity.[1] Agent Serotta described

[1] The names of five of the individuals were unknown.

the investigators' use of confidential sources to buy crack cocaine from the drug-trafficking organizations under investigation, calls made under the supervision of the investigators to drug dealers, evidence obtained through the execution of a search warrant, and an analysis of pen register data.  Over the course of eight pages, Agent Serotta explained the reasons why normal investigative procedures would not achieve the objectives underlying the Title III application.  Those objectives included the discovery, to the greatest extent possible, of the identities of the target subjects and their co-conspirators, the locations of their activities, and their methods for violating the law.  In those eight pages Special Agent Serotta also discussed the limitations in using undercover agents, confidential informants and cooperating witnesses, physical surveillance, geolocation information, telephone records and pen registers, pole cameras, the Grand Jury, search warrants, or arrests.

By the time of his fourth application, Special Agent Serotta's discussion of the limitations of alternative investigative procedures had grown to twelve pages.  It continued to discuss each of the alternative means addressed in his first affidavit, as well as the insights already gained from the Title III surveillance conducted pursuant to the three prior court authorizations.

On April 13, 2016, Kenyatta and fifteen co-defendants were indicted on federal narcotics conspiracy charges.[2] In his pretrial motion, Kenyatta seeks to suppress all of his recorded statements pursuant to 18 U.S.C. § 2518, contending that the Government's wiretap applications and supporting affidavits do not adequately allege that the wiretaps were necessary in light of the success of alternative investigative techniques. He also raises various discovery issues.

Many of Kenyatta's co-defendants have entered pleas of guilty. The trial of the conspiracy charge against Kenyatta and two of his co-defendants is scheduled to begin on April 3, 2017.

## DISCUSSION

I. Suppression of Title III Intercepted Communications

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III") governs court-ordered interceptions of oral communications. United States v. Lee, 723 F.3d 134, 139 (2d Cir. 2013). The statute strikes a "balance between the needs of law enforcement officials and the privacy rights of the individual." United States v. Concepcion, 579 F.3d 214, 218 (2d Cir. 2009) (citation omitted).

To authorize a Title III wiretap, a court must determine,

[2] Defendant Kaseem Wilson was also charged with possession of a firearm in furtherance of narcotics trafficking in the same Indictment. He has pleaded guilty and will not be proceeding to trial.

on the basis of facts submitted by the applicant, that

> there is probable cause to believe (1) that an individual was committing, had committed, or is about to commit a crime; (2) that communications concerning that crime will be obtained through the wiretap; and (3) that the premises to be wiretapped were being used for criminal purposes or are about to be used or owned by the target of the wiretap.

United States v. Diaz, 176 F.3d 52, 110 (2d Cir. 1999) (citing 18 U.S.C. § 2518). In addition, the statute requires "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c).

The purpose of requiring the Government to describe other possible means of investigation "is not to preclude the government's resort to wiretapping" until all other possible means of investigation "have been exhausted." Diaz, 176 F.3d at 111 (citation omitted). Accordingly, the statute imposes no duty on the Government to exhaust "all conceivable investigative techniques before resorting to electronic surveillance." Concepcion, 579 F.3d at 218. On the other hand, the court must scrutinize the Government's description of the other investigative procedures to ensure "that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." Id. (citing United States v. Kahn, 415 U.S. 143, 153 n.12 (1974)). As the

Court of Appeals noted in Concepcion, it has approved wiretaps in "complex and sprawling criminal cases involving large conspiracies." Id.

To meet the statutory requirement, the Government's description of the alternative investigative procedures must be sufficiently detailed to "inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." Diaz, 176 F.3d at 111 (citation omitted). The Government fails to perform its duty in this regard where the description consists only of "generalized and conclusory statements that other investigative procedures would prove unsuccessful." Concepcion, 579 F.3d at 218 (citation omitted). On the other hand, the Government's showing regarding other investigative procedures must be read in a "practical and commonsense fashion." Id. (citation omitted).

The four affidavits in support of the wiretaps convincingly establish that the drug trafficking organizations at the focus of the investigation could not be adequately surveilled by traditional investigative methods. See Id.[3] Each affidavit

[3] Kenyatta lacks standing to challenge the Court's December 9 wiretap Order because he has not submitted a sworn statement admitting that he was intercepted on that wiretap. His attorney's affidavit, however, concedes that Kenyatta was intercepted on the first wiretap. Because it is useful to read the four affidavits together, and because this concession has

provides detailed, investigation-specific disclosures regarding alternative investigative methods. They each set forth the investigative techniques that have been used to date and the challenges involved in moving forward absent electronic surveillance. Moreover, they demonstrate that the Government did not abandon other law enforcement techniques after a wiretap was issued. The affidavits accompanying the Government's wiretap applications provided an ample basis to conclude that alternative investigative techniques were unlikely to be successful in achieving law enforcement's legitimate objectives in its investigation of the drug trafficking organizations.

Kenyatta makes two principal arguments in support of his motion. He contends that a productive and successful investigation was progressing without the use of the wiretaps and that Special Agent Serotta relied on stock phrases and conclusory assertions. Neither argument has merit.

Kenyatta's contention that the investigation was progressing successfully without wiretaps relies principally on the fact that Special Agent Serotta's affidavits do not indicate that the co-conspirators were suspicious of the confidential sources, and that they describe how an undercover agent had been introduced to one of the organizations and evidence gleaned from

has been made, this Opinion considers the motion with respect to all four wiretaps.

physical surveillance. These descriptions of the steps taken to investigate the drug organizations by means other than wiretaps are precisely the sort of descriptions which the statute requires the Government to give to courts. Agent Serotta's affidavit explains why each of these investigative steps was inadequate to achieve the legitimate law enforcement objectives set forth in the Title III applications.

Kenyatta's next argument fares no better. The discussion in the affidavits of the alternative procedures is clearly written and informative. It is not fairly characterized as either conclusory or reliant on stock phrases. Kenyatta's motion for suppression is therefore denied.

II. Discovery Requests

Kenyatta next requests the production of various items of discovery. Kenyatta's discovery requests do not comply with Local Criminal Rule 16.1, which requires that the moving party file an affidavit certifying that the parties have conferred "in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court" and have failed to reach agreement. S.D.N.Y. Local Criminal Rule 16.1. They are therefore denied.

With respect to Kenyatta's request for an order compelling the immediate production of Brady and Giglio material, the Government has acknowledged its obligation to produce Brady and

Giglio material "in time for its effective use at trial." United States v. Coppa, 267 F.3d 132, 146 (2d Cir. 2001). The Government asserts that it is not aware of any Brady material in this case, and that it will provide any Giglio and Jencks material before the start of trial pursuant to its customary schedule for such productions, and in sufficient time for defense counsel to prepare to cross examine its witnesses. Earlier production of Giglio and Jencks Act material will not be required so long as it is produced on a schedule that will give defense counsel sufficient opportunity to use the material effectively at trial.

## CONCLUSION

Defendant Kenyatta's December 31, 2016 motion is denied.

Dated: New York, New York
March 9, 2017

DENISE COTE
United States District Judge