```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
 CHARLES KENYATTA,                       :     19cv262(DLC)
                      Petitioner,        :     16cr273(DLC)
                                         :
              -v-                        :     OPINION AND ORDER
                                         :
 UNITED STATES OF AMERICA,               :
                                         :
                      Respondent.        :
                                         :
----------------------------------------X
```

APPEARANCES:

For the petitioner:
Charles Kenyatta, pro se
77597-054
Federal Correctional Facility Schuykill
P.O. Box 759
Minersville, PA 12954

For the respondent:
Sidhardha Kamaraju
Max Clement Nicholas
Jane Kim
United States Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Charles Kenyatta has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, it is denied.

**BACKGROUND**

On April 13, 2016, Kenyatta and fifteen co-defendants were charged in a two-count indictment. One of Kenyatta's co-

defendants was charged with a weapons offense; all of the defendants were charged in the first count of the indictment with conspiring to distribute 280 grams or more of crack cocaine, 100 grams or more of heroin, and 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 812, 841(b)(1)(A), and 846.  This conspiracy count carried a mandatory minimum term of imprisonment of ten years.

Kenyatta was arrested on April 19 and assigned CJA counsel. On August 31, 2016, the case was reassigned to this Court.  At a conference on November 22, trial was scheduled to occur on April 3, 2017.[1]  All of the defendants decided to plead guilty and no trial was held.

Because Kenyatta's attorney developed a conflict of interest, on February 17, 2017, new CJA counsel was appointed for Kenyatta.  On March 28, Kenyatta pleaded guilty to a lesser included offense which included a mandatory minimum sentence of five years' imprisonment.  This plea was entered just days before Kenyatta was scheduled to proceed to trial.  At the plea allocution the Court reviewed with the defendant, in detail, the crime as charged in the indictment, the lesser included offense, and the different penalties that applied to each charge.

---

[1] If a second trial were necessary to account for a large number of defendants proceeding to trial, it was scheduled to begin September 18, 2017.

2

At his plea allocution, Kenyatta represented to the Court, under oath, that he had had a sufficient opportunity to discuss his case with his attorney and was satisfied with the representation she had given him.  He identified his plea agreement with the Government, and agreed that it provided for a guidelines sentencing range of 60 to 71 months' imprisonment and that by executing that agreement he had agreed that he would not appeal, challenge, or litigate his sentence so long as his sentence did not exceed 71 months' imprisonment.  The guidelines stipulation in the agreement included his agreement that he had conspired to distribute at least 112 grams of crack.  Kenyatta explained to the Court that he had participated in a conspiracy to sell crack in Manhattan and that as a result of that agreement with others he understood that at least 28 grams of crack would be distributed by the drug organization.  As an example of something he did to help make the conspiracy succeed, he admitted to personally selling crack.

The Presentence Report ("PSR") explained that Kenyatta participated in the drug conspiracy from at least 2012 to April 2016.  It described intercepted telephone conversations in which he discussed his drug dealing and his personal connections with drug suppliers, including his daughter's godfather and his uncle.  The PSR calculated a total offense level of 23 based in part on Kenyatta's distribution of between 112 grams and 196

3

grams of crack. It calculated a criminal history category of III. It determined that the guidelines range was 60 to 71 months in prison.

The defendant's sentencing memorandum of June 16 did not take issue with the calculation of the drug weight in the PSR, but made a variety of arguments for a reduced sentence. The Government's sentencing letter of June 20 described Kenyatta's participation in the East River drug organization from 2012 to 2016 and evidence against Kenyatta gathered from a court authorized wiretap on Kenyatta's telephone.

On June 30, 2017, Kenyatta was sentenced principally to a term of imprisonment of 60 months, which was the mandatory minimum term of imprisonment. The record reflects that Kenyatta and his attorney had both read the PSR and discussed it with each other. They did not have any objections to it, and it was made part of the record. When Kenyatta spoke, he did not take issue with the PSR or comment on its calculation of drug weight. Nor did he seek to retract his plea of guilty.

Kenyatta did not appeal his conviction. To be timely, any petition for a writ of habeas corpus had to be filed by July 19, 2018. On January 7, 2019, the Clerk of Court docketed Kenyatta's petition, which was dated January 2, 2019. Kenyatta asserts that he had given a petition to prison officials on

January 16, 2018; there is no record of the Court having received that petition.[2]

The Government has opposed the January 2 petition.  On June 3, 2019, Kenyatta filed his reply to that opposition.

## **DISCUSSION**

Kenyatta contends that his counsel was ineffective in not requiring the Government to demonstrate that it was reasonably foreseeable to Kenyatta that at least 28 grams of crack cocaine would be distributed by the drug conspiracy in which he participated.  He contends that, absent such a showing, he would have been sentenced pursuant to Section 841(b)(1)(C), with no mandatory minimum sentence of five years restraining the Court's discretion.

To prevail on a claim of ineffective assistance of counsel, a defendant must make two showings:

> First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."  Second, he must establish that he suffered prejudice -- in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

The Strickland test also applies to claims of ineffective

---

[2] Because the petition must be denied, it is unnecessary to explore further whether it is untimely.

5

assistance of counsel regarding the plea process.  Hill v. Lockhart, 474 U.S. 52, 57 (1985); Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996).  To render objectively reasonable assistance under the first prong of Strickland in the plea process, defense counsel "must give the client the benefit of counsel's professional advice on th[e] crucial decision of whether to plead guilty."  Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000) (citation omitted).  This advice must include the "terms of the plea offer," and "should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed."  Id. at 45.  Defense counsel must take care, however, not to "arm-twist a client who maintains his innocence into pleading guilty."  United States v. Pitcher, 559 F.3d 120, 125 (2d Cir. 2009) (per curiam).  To establish prejudice, "the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial."  United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citation omitted).

Courts may attribute a strong presumption of truthfulness to the defendant's statements during the plea hearing.  In the context of a plea of guilty, the Supreme Court has held that statements at a plea hearing "carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977); accord

6

United States v. Doe, 537 F.3d 204, 213 (2d Cir. 2008); United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001); Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999).

A knowing and voluntary waiver of the right to pursue a habeas petition is generally enforceable. Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (enforcing waiver in context of § 2255 petition). A waiver applies to events that occurred both before and after the execution of the plea agreement. Id. A waiver, however, "does not foreclose an attack on the validity of the process by which the waiver has been procured." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). This exception is narrow; it permits an ineffective assistance claim challenging the advice the defendant received from counsel when that advice rendered the entry of the plea agreement either not knowing or involuntary.

Kenyatta has waived his right to file a petition collaterally attacking his 60 month sentence. He has not shown that he entered his plea agreement without sufficient understanding and knowledge or that it was involuntary. That plea agreement contained a waiver of his right to challenge the sentence imposed here.

He has also failed to establish prejudice.  There is no basis to find that he would have proceeded to trial if differently advised by counsel.

Finally, he has failed to show that his Sixth Amendment rights to effective representation were violated by his counsel's performance.  Kenyatta allocated under oath that he knowingly participated in a conspiracy to distribute at least 28 grams of crack cocaine, the quantity necessary for imposition of the five year mandatory minimum sentence.  Kenyatta was well aware from his plea allocution, the plea agreement, and the PSR that his plea included a five year mandatory minimum sentence and that that sentence was premised on his admission to participating in a conspiracy that he knew distributed at least 28 grams of crack cocaine.

In his reply papers, Kenyatta provides an affidavit accusing his attorney of refusing to further investigate the case, and of strongly advising him to plead guilty even after he told her that he was only guilty of selling marijuana.  He explains that he told the Court during his plea allocution that he was guilty of conspiracy and "responsible for 28 grams" because he had once sold crack cocaine to an undercover officer.  He requests the opportunity to take discovery of the Government.

Kenyatta's affidavit and new accusations against his attorney should have been submitted with his petition.[3] In any event, Kenyatta's new allegations do not change the analysis set forth above. Kenyatta was fully advised on the charge lodged against him and of the sentencing parameters. Kenyatta may not contradict his admissions of guilt, given under oath in court, through the affidavit submitted with his reply. If he wished to contest his innocence, he was fully advised of his right to proceed to trial and he knowingly and voluntarily waived that right. There was no need to conduct a Fatico hearing before sentencing, since Kenyatta admitted to conspiring to distribute the quantity of crack cocaine that triggered imposition of the five year mandatory minimum sentence.

Finally, as already explained, he has waived his right to challenge his sentence and not established prejudice due to the alleged advice of counsel.

## CONCLUSION

Kenyatta's request to take discovery is denied. Kenyatta has failed to demonstrate "good cause," which is required of

---

[3] Where petitioners make accusations against their attorneys, it is not uncommon to find a waiver of the attorney-client privilege and for the Government to obtain an affidavit from defense counsel responding to the specific assertions made by their client. Given the history of the proceedings here and the plea allocution it is unnecessary to further delay resolution of this petition.

habeas petitioners seeking discovery in proceedings under 28 U.S.C. § 2255. Rule 6(a) of the Rules Governing Section 2255 Cases; see also Puglisi v. United States, 586 F.3d 209, 213-14 (2d Cir. 2009).

Kenyatta's petition of January 2, 2019 is denied. Because Kenyatta has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990) (per curiam). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is hereby directed to close the case.

Dated:   New York, New York
         August 29, 2019

                                   _____
                                        DENISE COTE
                                   United States District Judge